UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **Razieh Zarbaksh Shayestehfard**, *Plaintiff*, <br><br> v. <br><br> **Antony Blinken**, Secretary of State, United States Department of State; **John Rakolta**, Ambassador, United States Embassy, Abu Dhabi, United Arab Emirates, *Defendants*. | Case No. |

**COMPLAINT SEEKING REVIEW OF FINAL AGENCY ACTION PURSUANT TO THE ADMINISTRATIVE PROCEDURE ACT**

To the Honorable Judge of Said Court:

## I. INTRODUCTION

This action is brought by Plaintiff to request that this Court exercise its authority to review Defendants' termination of an immigrant visa registration.

## II. PARTIES

1. That the Plaintiff, **Razieh Zarbaksh Shayestehfard**, is a naturalized citizen of the United States.

2. That the Defendant, **Antony Blinken**, is the Secretary of the Department of State, an agency of the United States government

involved in the acts challenged in this action.  Defendant Blinken is being sued in his official capacity.

3. That the Defendant, **John Rakolta**, is the United States Ambassador to the United Arab Emirates.  Defendant Rakolta is being sued in his official capacity.

### III.  JURISDICTION

4. That jurisdiction is conferred by 5 U.S.C. §704.  Plaintiff is aggrieved by adverse final agency action in this case, as the Administrative Procedure Act requires in order to confer jurisdiction on the District Courts, 5 U.S.C. §§702 *et seq.*

5. That this is a civil action brought pursuant to 28 U.S.C. §1331 and §1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendants to perform duties owed to Plaintiff.

6. That the aid of the Court is invoked under 28 U.S.C. §2201 and §2202, authorizing a declaratory judgment.

7. That costs and attorney's fees will be sought pursuant to the Equal Access to Justice Act.  5 U.S.C. § 504 and 28 U.S.C. § 2412(d), *et seq.*

### IV.  VENUE

8. That venue is proper in the Orlando Division of the Middle District of Florida as Plaintiff resides in Orange County, Florida, within the territorial jurisdiction of this Court.

### V.  REMEDY SOUGHT

9. That Plaintiff files this complaint seeking the Court's assistance in ordering Defendants to reinstate a terminated immigrant visa registration.

### VI. CAUSE OF ACTION

10. That Plaintiff is a naturalized citizen of the United States ("USC").

11. That on or about October 22, 2003, U.S. Citizenship and Immigration Services ("USCIS") received a Form I-130, Petition for Alien Relative ("Form I-130"), filed by Plaintiff seeking to accord an immigrant visa to her sister, Marzieh Zarbaksh ("Marzieh"), as set forth at 8 U.S.C. §1153(a)(4).

12. That Plaintiff's sister is a native and citizen of Iran who is currently domiciled in Iran.

13. That the aforementioned Form I-130 was assigned receipt number SRC 04-016-52106.  This petition was approved by USCIS on August 26, 2016.

14. That upon approval of the aforementioned Form I-130, USCIS forwarded the approval to the National Visa Center ("NVC").

15. That the NVC's function is to accept approved immigrant petitions and to forward these petitions to U.S. Consular Offices ("USCON") throughout the world.  Generally, the NVC is responsible for much of the "front end" processing of an approved petition (i.e. collection and processing of fees, applications, documentation in support of applications, etc.).  Once the NVC is satisfied that a beneficiary qualifies for the issuance of an immigrant visa, the NVC forwards the case abroad for an interview to be held before a USCON.

16. That upon receipt of the approved Form I-130, the NVC assigned its case number to the petition, ABD2011612007.[1]

17. That as the availability of an immigrant visa petition for Plaintiff's sister approached, she received notification from the NVC that it was ready to begin processing the required applications and to provide Marzieh with an interview at the USCON in Abu Dhabi, United Arab Emirates.

---

[1] Although Plaintiff's sister is a citizen of Iran, the United States does not currently operate an embassy or consular office there.  Accordingly, the NVC assigned this case to a consular office in a nearby country.

18. That at about this same time, Plaintiff hired the services of an immigration attorney to assist her with processing the required paperwork through the NVC and the USCON.

19. That Plaintiff's attorney filed a Form G-28, Notice of Entry of Appearance, with the NVC to indicate his office's representation. Notice of this representation was sent to the NVC in or about March 2017.

20. That this same attorney has remained Plaintiff's attorney of record with the NVC at all times pertinent to the facts herein.

21. That upon receipt by the NVC that Plaintiff had hired the services of an attorney, communication regarding Marzieh's case was sent to her attorney.

22. That the NVC completed its processing of Marzieh's immigrant visa applications and scheduled her for an interview before the USCON on December 5, 2017.

23. That on or about September 24, 2017, President Donald J. Trump issued Presidential Proclamation 9645.  This Proclamation, in part, restricted the issuance of certain immigrant visas to citizens of Iran.  Federal litigation regarding the travel bans announced in

Proclamation 9645 ensued with various injunctions being issued restricting its enforcement.

24. That via decision dated December 4, 2017, the Supreme Court issued an order in <u>Trump v. Hawaii</u> (Supreme Court Case No. 17A550).  The practical effect of this order was to permit enforcement of the travel restrictions set forth in Presidential Proclamation 9645.

25. That Marzieh attended her scheduled interview at the USCON on December 5, 2017 and returned to Iran to await further communication regarding her application for an immigrant visa.

26. That in light of the Supreme Court's December 4, 2017 decision in <u>Trump v. Hawaii</u>, the USCON could not issue an immigrant visa to Marzieh.

27. That the next communication that Plaintiff received about Marzieh's immigrant visa petition was correspondence sent to her attorney dated December 16, 2020.  This letter was sent by the USCON in Abu Dhabi and stated the following:

    "[t]his office previously notified you that as of the date shown at the bottom of this letter your application for an immigrant visa was cancelled and any petition was also cancelled.  We informed you that your application might be reinstated if, within one year, you could establish that your failure to pursue your immigrant visa application was due to circumstances beyond your control.

    Since you have failed to do so, the record of your application has been destroyed and any petition approved on your behalf has been returned to the Immigration and Naturalization Service…"

    The date shown on the bottom of this correspondence is December 15, 2019.

28. That the above-mentioned notice was received by Plaintiff's attorney on February 1, 2021.

29. That via Presidential Proclamation 10141 issued on January 20, 2021, the President revoked Presidential Proclamation 9645.

30. That the State Department issued a notice on March 10, 2021 allowing certain applicants for immigrant visas impacted by Presidential Proclamation 9645 to re-submit their application for an immigrant visa.

7

31. That upon receipt of the March 10, 2021 notice discussed in the paragraph above, Plaintiff's attorney sent correspondence to the USCON regarding procedures to be employed to re-submit Marzieh's application for an immigrant visa. An initial email message was sent to the USCON is dated March 19, 2021[2].

32. That various email messages were sent back and forth between Plaintiff's immigration attorney and the USCON. Via message dated April 25, 2021, the USCON stated that "[d]ue to lack of communication since 2017, please note that this case has been cancelled." Via message dated June 9, 2021, the USCON stated that "[a]s we already inform in this case, that due to lack of contact this petition is no more valid [sic]."

---

[2] Plaintiff notes that she also filed a Form I-130 on behalf of another sibling, Vajiheh Zarbakhsh ("Vajiheh"). This Form I-130 was likewise approved and forward to the NVC for further processing. The NVC assigned receipt number ABD2011612006. Vajiheh also attended an interview at the USCON on December 5, 2017. Although the facts of the petition filed on behalf of Vajiheh are exactly the same as those pertinent to the petition filed on behalf of Marzieh, Vajiheh was provided an avenue to re-submit her application for an immigrant visa following the March 10, 2021 notice discussed in ¶30.

33. That 8 U.S.C. §1153(g) provides that

    "[t]he Secretary of State shall terminate the registration of any alien who fails to apply for an immigrant visa within one year following notification to the alien of the availability of such visa, but the Secretary shall reinstate the registration of any such alien who establishes within 2 years following the date of notification of the availability of such visa that such failure to apply was due to circumstances beyond the alien's control."

34. That regulations govern how the Department of State implements the language at 8 U.S.C. §1153(g). Specifically, 22 C.F.R. §42.83 provides as follows:

    (a) *Termination following failure of applicant to apply for visa.* In accordance with [8 U.S.C. §1153(g)], an alien's registration for an immigrant visa shall be terminated if, within one year after transmission of a notification of the availability of an immigrant visa, the applicant fails to apply for an immigrant visa.

    (b) *Termination following visa refusal.* An alien's registration for an immigrant visa shall be terminated if, within one year following the refusal of the immigrant visa application under [8 U.S.C. §1201(g)], the alien has failed to present to a consular officer evidence purporting to overcome the basis for refusal.

    (c) *Notice of termination.* Upon the termination of registration under paragraph (a) of this section, the National Visa Center (NVC) shall notify the alien of the termination. The NVC shall also inform the alien of the right to have the registration reinstated if the alien, before the end of the second year after the missed appointment date if paragraph (a) applies, establishes to the satisfaction of the consular officer at the post where the

alien is registered that the failure to apply for an immigrant visa was due to circumstances beyond the alien's control. If paragraph (b) applies, the consular officer at the post where the alien is registered shall, upon the termination of registration, notify the alien of the termination and the right to have the registration reinstated if the alien, before the end of the second year after the [8 U.S.C. §1201(g)], refusal, establishes to the satisfaction of the consular officer at such post that the failure to present evidence purporting to overcome the ineligibility under [8 U.S.C. §1201(g)] was due to circumstances beyond the alien's control.

(d) *Reinstatement of registration.* If the consular officer is satisfied that an alien, as provided for in paragraph (c) of this section, has established that failure to apply as scheduled for an immigrant visa or to present evidence purporting to overcome ineligibility under [8 U.S.C. §1201(g)] was due to circumstances beyond the alien's control, the consular officer shall reinstate the alien's registration for an immigrant visa. Any petition approved under [8 U.S.C. §1154(b)] which had been automatically revoked as a result of the termination of registration shall be considered to be automatically reinstated if the registration is reinstated.

(e) *Interpretation of "circumstances beyond alien's control".* For the purpose of this section, the term "circumstances beyond the alien's control" includes, but is not limited to, an illness or other physical disability preventing the alien from traveling, a refusal by the authorities of the country of an alien's residence to grant the alien permission to depart as an immigrant, and foreign military service."

35. That as discussed throughout this complaint, Plaintiff undertook timely steps to apply for an immigrant visa on behalf of Marzieh once she was notified that an immigrant visa was available.

36. That because Plaintiff undertook the timely steps discussed in the paragraph above, Marzieh's petition was not subject to termination as described at 22 C.F.R. §42.83(a).

37. That the USCON never notified Plaintiff, Marzieh or Plaintiff's immigration attorney that Marzieh's immigrant visa was being refused as provided at 8 U.S.C. §1201(g).

38. That as the USCON never refused Marzieh's that her immigrant visa was being refused, her petition was not subject to termination as described at 22 C.F.R. §42.83(b).

39. That even if the immigrant petition filed on behalf of Marzieh was subject to termination as provided at §42.83(a) or §42.83(b), the State Department was required to inform Marzieh of said termination as provided at §42.83(c).

40. That neither Plaintiff, Marzieh nor Plaintiff's immigration attorney received any notice of an intent to terminate Marzieh's immigrant visa registration as required by §42.83(c).

41. That the first notice of the agency's intent to terminate Marzieh's immigrant visa registration was the notice dated December 16, 2020 and discussed in ¶27. As stated in ¶28, this notice was actually received by Plaintiff's immigration attorney on February 1, 2021.

42. That to the extent the USCON could have considered reinstating Marzieh's immigrant visa registration as provided at 22 C.F.R. §42.83(d), the email messages sent from the USCON to Plaintiff's immigration attorney make clear that the only option the USCON saw as available to overcome its termination of Marzieh's immigrant visa registration was for Plaintiff to submit a new Form I-130 on behalf of Marzieh.

43. That according to the latest Department of State Visa Bulletin, Marzieh would be required to wait more than 14 years for a new immigrant visa petition filed on her behalf by Plaintiff to become available.[3]

---

[3] Plaintiff is providing the Department of State's September 2021 Visa Bulletin. The Visa Bulletin reports that immigrant visa petitions are currently available in the Fourth Preference category (8 U.S.C. §1153(a)(4)) if the petition was received on or before March 22, 2007.

44. That Defendants' December 16, 2020 notice terminating Marzieh's immigrant visa petition registration represents "final agency action" within the meaning of 5 U.S.C. §704.

45. That Plaintiff has suffered a "legal wrong" within the meaning of 5 U.S.C. §702.

46. That Plaintiff seeks the aid of this Court in reviewing "final agency action" pursuant to the APA and as discussed herein.

47. That there is no other reasonable remedy at law which will result in a timely resolution of the issues described above. Plaintiff's cause of action arises from administrative action wrongfully denied pursuant to the APA and Plaintiff seeks judicial review of the same pursuant to 5 U.S.C. §706(2).

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court:

1. Accept jurisdiction and maintain continuing jurisdiction of this action;

2. Conduct such hearings and examinations of Plaintiff as necessary to determine that the relief requested by Plaintiff is warranted as a matter of law;

3. Declare Defendants actions in the proceedings below as arbitrary and capricious, an abuse of discretion and not in accordance with the law pursuant to 5 U.S.C. §706(2);

4. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 28 U.S.C. §2412.

5. Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

/s/  David Stoller /s/
David Stoller, Esquire
Attorney for Plaintiff
Florida Bar #92797
4445 S. Conway Rd.
Orlando, Florida 32812
Phone: (407) 999-0088
Fax: (407) 382-9916

## Verification

I, Razieh Zarbaksh Shayestehfard, declare as follows:

1. I am a Plaintiff in the present case and a naturalized citizen of the United States. I submitted a Form I-130, Petition for Alien Relative, on behalf of my sister, Marzieh Zarbaksh, a citizen of Iran. I continue to want to do everything I can to see that Marzieh Zarbaksh is issued an immigrant visa through a U.S. Consular Office abroad.

2. That I have personal knowledge of myself, my activities, and my intentions, including those set out in detail in the foregoing Verified Complaint Seeking Review of Final Agency Action Pursuant to the Administrative Procedure Act.

3. That I have personal knowledge of the work undertaken by me, Marzieh Zarbaksh and the immigration attorney I hired to assist me with the processing of my sister's immigrant visa petition through the National Visa Center and the U.S. Consular Office in Abu Dhabi, United Arab Emirates. If called upon to testify regarding these matters, I would competently testify as to the matters stated herein.

4. That I verify under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. §1746 that the factual statements in this Complaint concerning myself, my activities, and my intentions are true and correct.

Executed this 14th day of September, 2021.

_____
Razieh Zarbaksh Shayestehfard

# Table of Contents

# Documents in Support of Complaint

## Razieh Zarbaksh Shayestehfard v. Antony Blinken, Secretary, Department of State, *et al.*

Exhibit 1:   Notice dated December 16, 2020 addressed to Plaintiff's immigration attorney;

Exhibit 2:   Email thread between Plaintiff's immigration attorney and the U.S. Consular Office in Abu Dhabi, United Arab Emirates;

Exhibit 3:   Notice dated April 17, 2017 addressed to Plaintiff's immigration attorney and confirming entry of an appearance in NVC Case No. ABD2011612007;

Exhibit 4:   Presidential Proclamation 10141 issued by President Joseph R. Biden on January 20, 2021;

Exhibit 5:   Guidance to U.S. Consular Offices sent by Department of State regarding Presidential Proclamation 10141 (March 10, 2021);

Exhibit 6:   September 2021 Visa Bulletin.